HENRY H.. HANKS' ADMR. *v.* LOUISVILLE & CINCINNATI MAIL LINE
Co.

[Abstract Kentucky Law Reporter, Vol. 6—294.]

**Declarations of an Agent.**

> In a case where a common carrier is sued for damages on account
> of its wilful neglect resulting in the death of a passenger, the admis-
> sions or declarations of the company's employes made days there-
> after are not a part of the res gestae and not admissible in evidence
> to bind the defendant. They are but statements of the history of past
> events.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

October 11, 1884.

OPINION BY JUDGE PRYOR:

The plaintiff below, who is the appellant in this court, instituted
this action as the administrator of her husband against the Mail
Line Company, alleging that his death was caused by the wilful
neglect of the appellee or its employes. The appellee is a common
carrier by boats of freight and passengers between the cities of
Cincinnati and Louisville and whilst engaged in running its boats
the decedent applied for passage from Cincinnati to Louisville, paid
his fare as a deck passenger, and on his way down fell from the
boat and was drowned. At the time he took passage he was very
much intoxicated and evidently in his drunken condition fell over-
board and his body was found at or near Runyson some days after
the accident. The testimony on the part of the appellant shows
the exercise of even more than ordinary care on the part of those
in charge of the boat, for the protection of the unfortunate man,
but the appellant complains that she was compelled to introduce as
witnesses those in the employment of the company by reason of the
ruling of the court below excluding from the jury the statements
made by the clerk of the boat and the mate as to the manner of the
drowning, the statement having been made to the appellant long
after the accident happened.

The appellant maintains that these statements contained a part

of the res gestae and the court holding otherwise refused to permit them to go to the jury.

As the witnesses for the appellant exonerated the company from all responsibility, and as she was not compelled or required to introduce them it would be rather a singular ruling to now adjudge that the court erred in not admitting the statements of the appellants' own witnesses conducing to directly contradict them on the principal and only issue involved. Waiving the question however as to the effect of the introduction of the employes of the boat as witnesses by the plaintiff we will proceed to consider the error complained of. The statements of these witnesses were made long after the accident, and in response, as appellant says, to inquiries made by her or Richardson as to the whereabouts of her husband. The rule is "that the statements or conduct of an agent during the performance of a tort are imputable to the principal, as part of the res gestae whenever the tort itself is so imputable."

The admissions of the employe of the common carrier in charge of the goods during the period of carrying, if such admissions are not narratives of a past act, are competent, but here was an interval of many days, and the statements made, not when the act was done, but in narrating to the plaintiff by those still in the employment of the boat, the facts transpiring on the night that her husband was drowned. The second clerk told Richardson that they heard him fall overboard: heard a splash in the water at a certain point on the river but made no stop.

While the goods are in transit, or the duty of the carrier continues the agent acting within the scope of his authority making statements as to the condition of the goods such statements would be competent. In this case the complaint is not for the failure to safely deliver the passenger at Louisville by reason of the carrier's undertaking and even then the declarations of the agent made weeks afterwards would be incompetent but it is an action charging that the appellee caused the death of the husband of appellant by reason of the tort of its employes committed at a certain time and place. Some days after the injury had been inflicted or the wrong done, the agent is asked to narrate to the witness what transpired at the time the accident is supposed to have happened. The wrong certainly had been committed long before, and the statements offered to be proven were only a history of the trip with a view of ascer-

taining whether the decedent had in fact been drowned. We can not see that the fact of the plaintiff being then in search of the husband can alter the rule. Those in charge of the boat supposed he had left it at some of the landings, but if the mate had admitted the day after the accident that he had thrown the decedent overboard it would have been incompetent as against the company. He had no right at that time to speak for the principal and to so adjudge would be a departure from a well recognized rule of evidence.

In the case of *Packet Company v. Clough,* 20 Wall. (U. S.) 528 the witness who had been injured as she alleges by reason of the negligence of those in charge of the boat was asked this question: "What conversation, if any, did you have with the Captain after the accident on her trip down?" The response was made against the objection of counsel that "He (the captain) said it was through the carelessness of the hands in putting out the plank that I fell; that they did not put out the regular planks but loose planks. It was the evening before we got into Davenport that I had the conversation." In that case the Supreme Court or Mr. Justice Strong said: "A captain of a passenger steamer is empowered to receive passengers on board, but it is not necessary to this power that he be authorized to admit that either his principal or any servant of his principal has been guilty of negligence in receiving passengers; there is no necessary connection between the admission and the act."

"Where the acts of the agent will bind the principal then his representatives' declarations, and admissions respecting the subject matter will also bind him, if made at the same time and constituting part of the res gestae. The statements of the witnesses were held incompetent as against the company as they constituted no part of the res gestae, the complaint being the negligence of the Captain in failing to provide a safe mode of reaching the boat from the wharf or landing."

The complaint in this case was the negligence of the agents of the company in permitting the decedent to fall overboard and drown.

The statements of the clerk and mate being a mere narrative of what had previously happened formed no part of the res gestae, and were therefore properly excluded.

The judgment is *affirmed.*

*Marc Mundy, for appellant.*

*Hamilton Pope, for appellee.*